# EXHIBIT C

Exhibit C

Case 6:19-cv-00082 Document 1-3 Filed on 09/13/19 in TXSD Page 2 of 20

Filed 8/2/2019 12:53 PM
Cathy Stuart
District Clerk
Victoria County, Texas
By: Crystal Hernandez

# CIVIL CASE INFORMATION SHEET

CAUSE NUMBER *(FOR CLERK USE ONLY)*: **19-08-84791-C**     COURT *(FOR CLERK USE ONLY)*: _____

STYLED: JESUS LEAL and JESSICA LEAL v ALLSTATE VEHICLE & PROPERTY INS CO AND KEITH RANDALL LOUIS
*(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)*

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

## 1. Contact information for person completing case information sheet:

Name: SEAN H. McCARTHY
Email: smccarthy@whlaw.com
Address: 8441 Gulf Frwy #600
Telephone: 713-230-2200
City/State/Zip: Houston TX 77017
Fax: 713-643-6226
Signature: /s/ S.H. McCarthy
State Bar No: 24065706

## Names of parties in case:

Plaintiff(s)/Petitioner(s): JESUS LEAL and JESSICA LEAL

Defendant(s)/Respondent(s): ALLSTATE VEHICLE & PROPERTY INS CO and KEITH RANDALL LOUIS

[Attach additional page as necessary to list all parties]

## Person or entity completing sheet is:

[X] Attorney for Plaintiff/Petitioner
[ ] Pro Se Plaintiff/Petitioner
[ ] Title IV-D Agency
[ ] Other: _____

Additional Parties in Child Support Case:
Custodial Parent: _____
Non-Custodial Parent: _____
Presumed Father: _____

## 2. Indicate case type, or identify the most important issue in the case (select only 1):

### Civil

**Contract — Debt/Contract**
- [ ] Consumer/DTPA
- [ ] Debt/Contract
- [ ] Fraud/Misrepresentation
- [ ] Other Debt/Contract:

*Foreclosure*
- [ ] Home Equity—Expedited
- [ ] Other Foreclosure
- [ ] Franchise
- [X] Insurance
- [ ] Landlord/Tenant
- [ ] Non-Competition
- [ ] Partnership
- [ ] Other Contract:

**Injury or Damage**
- [ ] Assault/Battery
- [ ] Construction
- [ ] Defamation

*Malpractice*
- [ ] Accounting
- [ ] Legal
- [ ] Medical
- [ ] Other Professional Liability:

- [ ] Motor Vehicle Accident
- [ ] Premises

*Product Liability*
- [ ] Asbestos/Silica
- [ ] Other Product Liability List Product:

- [ ] Other Injury or Damage:

**Real Property**
- [ ] Eminent Domain/Condemnation
- [ ] Partition
- [ ] Quiet Title
- [ ] Trespass to Try Title
- [ ] Other Property:

**Related to Criminal Matters**
- [ ] Expunction
- [ ] Judgment Nisi
- [ ] Non-Disclosure
- [ ] Seizure/Forfeiture
- [ ] Writ of Habeas Corpus—Pre-indictment
- [ ] Other:

**Employment**
- [ ] Discrimination
- [ ] Retaliation
- [ ] Termination
- [ ] Workers' Compensation
- [ ] Other Employment:

**Other Civil**
- [ ] Administrative Appeal
- [ ] Antitrust/Unfair Competition
- [ ] Code Violations
- [ ] Foreign Judgment
- [ ] Intellectual Property
- [ ] Lawyer Discipline
- [ ] Perpetuate Testimony
- [ ] Securities/Stock
- [ ] Tortious Interference
- [ ] Other:

### Family Law

**Marriage Relationship**
- [ ] Annulment
- [ ] Declare Marriage Void

*Divorce*
- [ ] With Children
- [ ] No Children

**Other Family Law**
- [ ] Enforce Foreign Judgment
- [ ] Habeas Corpus
- [ ] Name Change
- [ ] Protective Order
- [ ] Removal of Disabilities of Minority
- [ ] Other:

**Post-judgment Actions (non-Title IV-D)**
- [ ] Enforcement
- [ ] Modification—Custody
- [ ] Modification—Other

**Title IV-D**
- [ ] Enforcement/Modification
- [ ] Paternity
- [ ] Reciprocals (UIFSA)
- [ ] Support Order

**Parent-Child Relationship**
- [ ] Adoption/Adoption with Termination
- [ ] Child Protection
- [ ] Child Support
- [ ] Custody or Visitation
- [ ] Gestational Parenting
- [ ] Grandparent Access
- [ ] Parentage/Paternity
- [ ] Termination of Parental Rights
- [ ] Other Parent-Child:

### Tax
- [ ] Tax Appraisal
- [ ] Tax Delinquency
- [ ] Other Tax

### Probate & Mental Health

*Probate/Wills/Intestate Administration*
- [ ] Dependent Administration
- [ ] Independent Administration
- [ ] Other Estate Proceedings

- [ ] Guardianship—Adult
- [ ] Guardianship—Minor
- [ ] Mental Health
- [ ] Other:

## 3. Indicate procedure or remedy, if applicable (may select more than 1):

- [ ] Appeal from Municipal or Justice Court
- [ ] Arbitration-related
- [ ] Attachment
- [ ] Bill of Review
- [ ] Certiorari
- [ ] Class Action
- [ ] Declaratory Judgment
- [ ] Garnishment
- [ ] Interpleader
- [ ] License
- [ ] Mandamus
- [ ] Post-judgment
- [ ] Prejudgment Remedy
- [ ] Protective Order
- [ ] Receiver
- [ ] Sequestration
- [ ] Temporary Restraining Order/Injunction
- [ ] Turnover

## 4. Indicate damages sought (do not select if it is a family law case):

- [ ] Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
- [ ] Less than $100,000 and non-monetary relief
- [X] Over $100,000 but not more than $200,000
- [ ] Over $200,000 but not more than $1,000,000
- [ ] Over $1,000,000

Case 6:19-cv-00082   Document 1-3   Filed on 09/13/19 in TXSD   Page 3 of 20

Filed 8/2/2019 12:53 PM
Cathy Stuart
District Clerk
Victoria County, Texas
By: Crystal Hernandez

CAUSE NO. **19-08-84791-C**

| | | |
|---|---|---|
| **JESUS LEAL and JESSICA LEAL** | § § § | IN THE DISTRICT COURT OF |
| *Plaintiffs,* | § § | |
| v. | § § | VICTORIA COUNTY, TEXAS |
| **ALLSTATE VEHICLE & PROPERTY INSURANCE COMPANY and KEITH RANDALL LOUIS** | § § § § § | |
| *Defendants.* | § | _____ JUDICIAL DISTRICT |

## PLAINTIFFS' ORIGINAL PETITION

COME NOW, Plaintiffs, JESUS LEAL AND JESSICA LEAL, who file this, Plaintiffs' Original Petition against Defendants, ALLSTATE VEHICLE & PROPERTY INSURANCE COMPANY AND KEITH RANDALL LOUIS, and, for cause of action, would respectfully show this Honorable Court the following:

### I. DISCOVERY CONTROL PLAN

1. Plaintiffs intend for discovery to be conducted under Level 3 of Rule 190 of the TEXAS RULES OF CIVIL PROCEDURE. This case involves a first-party insurance policy dispute concerning damages attributable to Hurricane Harvey. This dispute involves complex legal issues originating from the TEXAS INSURANCE CODE, common law, and recent Texas case law. It will include intricate discovery regarding claims-handling practices, coverage decisions, adjustment/payment of claims, including Plaintiffs' claim, as well as and the systematic approach by Allstate Vehicle & Property Insurance Company and its adjusters to the handling of catastrophic loss property damage claims arising from Hurricane Harvey. Plaintiffs therefore, respectfully ask the Court to order that discovery be conditioned in accordance with a discovery control plan tailored to the particular circumstances of this suit.

## II.  PARTIES

2. Plaintiffs, Jesus and Jessical Leal, are Texas residents who reside in Victoria County, Texas.

3. Defendant, Allstate Vehicle & Property Insurance Company ("Allstate"), is a Foreign insurance company licensed and authorized to engage in the business of insurance in the State of Texas.  Allstate may be served with process by serving its registered agent: **C.T. Corporation System, 1999 Bryan Ste. 900, Dallas, TX 75201-3136.**

4. Defendant, Keith Randall Louis, is an individual licensed adjuster who at all times material to the allegations in this Petition, has done business in the State of Texas. Mr. Louis may be served with process at:: **1292 Tweedy Road, Valley Mills, TX 76689-2535, or wherever else Mr. Louis may be found.**

## III.  JURISDICTION & VENUE

5. This Court has jurisdiction over this cause of action because the amount in controversy is within the jurisdictional limits of the Court. Pursuant to Rule 47 of the TEXAS RULES OF CIVIL PROCEDURE, Plaintiffs state they seek monetary relief in excess of $100,000.00 and less than $200,000.00. Plaintiffs reserve the right to amend their petition during and/or after the discovery process.

6. This Court has personal jurisdiction over Allstate because Allstate is an insurance company licensed to do business in Texas and Plaintiffs' causes of action arise out of Allstate's business activities in this state.

7. This Court has personal jurisdiction over Keith Randall Louis because Mr. Louis engages in the business of adjusting insurance claims in the State of Texas, and Plaintiffs' causes of action arise out of Mr. Louis's business activities in the State of Texas.

Copy from re:SearchTX

8. Venue is proper in Victoria County because the insured property is located in Victoria County and all or a substantial part of the events giving rise to this lawsuit occurred in Victoria County.  TEX. CIV. PRAC. & REM. CODE § 15.032.

## IV.  FACTS

9. Plaintiffs own and reside in a home in Victoria, Victoria County, Texas (the "Property"). Allstate sold, and Plaintiffs paid for, a Texas homeowners' insurance policy (Policy No. 000836706302, the "Policy") to protect and insure Plaintiffs' dwelling, other structures, personal property, and other items applicable to the Property.

10. From August 25th through September 1, 2017, Hurricane Harvey swept across Texas causing widespread destruction and devastation due to extreme winds up to 130 miles an hour in Victoria County and surrounding areas. Beginning on or about August 26, 2017, Hurricane Harvey's massive wind field caused widespread destruction in and around Victoria County, and Plaintiffs' Property, specifically.

11. Plaintiffs' Property suffered extensive wind and wind-related damage during Hurricane Harvey. Specifically, the Hurricane damaged the entire roof, exterior fascia board, multiple doors, exterior light fixtures, windows, and an air conditioning unit. The home also sustained substantial interior water damage as a result of the wind damage to the roofing system.

12. Following Hurricane Harvey, Plaintiffs promptly and timely reported their Property claim (the "Claim") with Allstate under the Policy and asked Allstate to cover the cost of repairs required to return the Property to its pre-loss condition, including, but not limited to, replacement of the roof, repairs to wind and debris damages to all exterior elevations, as well as repair of the significant interior water damage to virtually all interior surfaces and building systems.

13. Plaintiffs are entitled to these benefits under the Allstate Policy as it specifically covered Plaintiffs' dwelling for wind and wind-related damage, and specifically, hurricane damage. All of the damage to the Property was covered under the express terms of the Policy.

14. Allstate assigned three adjusters, the last of which was Defendant, Keith Randall Louis, to perform the investigation and initial inspection of the Property on its behalf.

15. Mr. Louis, however, because of inadequate training or improper instruction, failed to perform a reasonable and adequate investigation of Plaintiffs' Claim. In doing so, Mr. Louis either completely missed or simply ignored damages that were present at the time of his inspection and were clearly attributable to Hurricane Harvey's powerful winds.

16. The inadequacy of Mr. Louis's investigation and adjustment of Plaintiffs' Claim is evidenced by the fact he neither adjusted for, nor included, the full scope of Plaintiffs' roof damage and neglected even to address, or note, multiple rooms in the Property. Plaintiffs' roof sustained extensive wind damage to its entire surface and to the underlying structure/framing. Evidence of wind damage is readily apparent from even a casual view. The massive amount of roof damage allowed water to penetrate the Property's exterior in multiple locations and resulted directly in the substantial interior damage to Plaintiffs' home, which damage Mr. Louis also failed to document properly or sufficiently.

17. Although Plaintiffs notified and, later, reminded Allstate numerous times of the significant widespread roof damage which caused major leaks throughout the interior of the Property, Allstate and its adjusters, including Mr. Louis, failed to fully and adequately inspect the damaged areas of Plaintiffs' property, including the roof, among other items and areas. Mr. Louis's failure to record the full extent of the wind-damaged Property resulted in an improperly under-scoped and consequently undervalued final estimate for repairs that Mr. Louis submitted to Allstate (the "Estimate").

18. As an illustration—and certainly not intended as a complete listing of all of the errors and omissions in Mr. Louis's investigation and adjustment—the following are just some of the unfair and unreasonable low points from his "inspection" and Estimate:

Copy from re:SearchTX

    i. The Estimate under-scopes the amount necessary to repair the roof to its pre-loss and functioning condition.
    ii. The Estimate fails to document any damage to thousands of square feet of visibly destroyed drywall, insulation, and baseboards needing to be removed, replaced, textured, painted, and sealed.
    iii. The Estimate under-scopes the amount necessary to restore the Leal's kitchen to its pre-loss condition by failing to allocate amounts necessary to remove and replace cabinetry and marble countertop.
    iv. The Estimate fails to provide any amounts to prime and paint exterior siding, fascia, and soffit.
    v. The Estimate under-scopes the amount of damage to the Leal's fence.

19. Unfortunately, over a year-and-a-half has passed since Hurricane Harvey made landfall and the Leal home remains in disrepair because Allstate has yet to appreciate the full extent of Harvey-related damages to the Leal family home. Allstate's ongoing refusal to provide a fair and equitable settlement for necessary repairs continues to confine Jesus, Jessica, and their three children, to living in their fifth wheel trailer, where they have lived since Allstate received notice of their claim back in September 2017.

20. Plaintiffs contend that, upon information and belief, Allstate and Mr. Louis set out and overtly sought to under-scope, underpay, and ultimately minimize Plaintiffs' Claim for covered damages. At minimum, Allstate ratified Mr. Louis's unreasonable and improper "adjustment" of the Claim, resulting in Plaintiffs' Claim effectively being denied in part as well as undervalued and underpaid. Plaintiffs have suffered actual damages resulting from Allstate's and Mr. Louis's wrongful acts and omissions as set forth above and further described herein.

## V. CAUSES OF ACTION

### Breach of Contract against Allstate

21. An insurance policy is considered a contract under Texas law. Allstate failed to perform its contractual duties to adequately compensate Plaintiffs in accordance the terms of the Policy that it wrote and sold to Plaintiffs. Specifically, Allstate refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery upon the Policy had been carried out

Copy from re:SearchTX

and accomplished by Plaintiffs.  Allstate's conduct constitutes a breach of the insurance contract between Allstate and Plaintiffs.

### Non-Compliance by Allstate with the Texas Insurance Code, Unfair Settlement Practices

22. Allstate's conduct constitutes multiple violations of the TEXAS INSURANCE CODE, UNFAIR SETTLEMENT PRACTICES. TEX. INS. CODE §541.060(a). All violations under this provision are made actionable by TEX. INS. CODE §541.151.

23. Falsehoods and misrepresentations under Texas law may be communicated by actions as well as spoken word; therefore, deceptive conduct is equivalent to a verbal representation. Allstate's misrepresentations by means of deceptive conduct include, but are not limited to: (1) failing to conduct a reasonable inspection and investigation of Plaintiffs' damages; (2) stating—by way of Mr. Louis's Estimate— that Plaintiffs' damages were less extensive or severe than they actually were, resulting in the undervaluing of Plaintiffs' damages; (3) using Mr. Louis's own statements and conclusions about the scope and degree of the damage as a pretext for effectively denying covered damages and/or underpaying damages; and (4) failing to provide an adequate explanation for the inadequate payment(s) Plaintiffs in fact received.

24. Allstate's unfair settlement practice, as described above, of misrepresenting—by words and acts/omissions—to Plaintiffs material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(1).

25. Allstate's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the Claim, even though its liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

Copy from re:SearchTX

26. Allstate failed to explain to Plaintiffs the reasons for failing to include all covered damages in its evaluation and/or payment(s) on the Claim. Furthermore, Allstate did not communicate that future settlements or payments would be forthcoming to pay for the entire amount of Plaintiffs' loss, nor did it provide any explanation for the failure to adequately settle Plaintiffs' Claim. Allstate's conduct is a violation of the TEXAS INSURANCE CODE, UNFAIR SETTLEMENT PRACTICES. TEX. INS. CODE §541.060(a)(3).

27. Although promptly reported by Plaintiffs to Allstate, Allstate did not properly inspect the Property and failed to account for and/or undervalued many of Plaintiffs' damages, both exterior and interior. Allstate's unfair settlement practice, as described above, of refusing to pay Plaintiffs' full Claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(7).

### Non-Compliance by Allstate with the Texas Insurance Code, Prompt Payment of Claims Act

28. Allstate's conduct constitutes multiple violations of the TEXAS INSURANCE CODE, PROMPT PAYMENT OF CLAIMS ACT. All violations made under this provision are made actionable by TEX. INS. CODE §542.060.

29. Allstate's failure—and thus continuing delay—to remit full payment of the amounts owed on Plaintiffs' Claim following its receipt of all items, statements, and forms reasonably requested and required, as described above, constitutes a non-prompt payment of the Claim. TEX. INS. CODE §542.058.

### Breach of the Duty of Good Faith and Fair Dealing

30. Allstate's conduct constitutes a breach of the common law duty of good faith and fair dealing that a Texas insurer owes to its policy holders on account of the disparity in bargaining power between an insurance company and its individual insureds with respect not only to the

Copy from re:SearchTX

drafting of the contract of insurance itself, but also with respect to the handling and payment of insured claims.

31. Allstate's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiffs' Claim, despite the fact that at the very same time, Allstate knew, or should have known by the exercise of reasonable diligence, that its liability was reasonably clear, constitutes a breach of Allstate's duty of good faith and fair dealing to Plaintiffs, which is both non-delegable and continues to exist until the relationship between the parties is ultimately changed to that of judgement debtor and judgement creditor, respectively.

### Non-Compliance by Keith Randall Louis with the Texas Insurance Code, Unfair Settlement Practices

32. Mr. Louis's conduct constitutes multiple violations of the TEXAS INSURANCE CODE, UNFAIR SETTLEMENT PRACTICES. TEX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

33. Mr. Louis is individually liable for his unfair and deceptive acts because he is a "person" as defined by TEX. INS. CODE §541.002(2). The term "person" is defined as "any individual, corporation, association, partnership, reciprocal or interinsurance exchange, Lloyd's plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, *adjuster* or life and health insurance counselor." TEX. INS. CODE §541.002(2) (emphasis added). (See also *Liberty Mutual Insurance Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 484 (Tex. 1998) (holding an insurance company employee to be a "person" for the purpose of bringing a cause of action against him or her under the TEXAS INSURANCE CODE and subjecting him or her to individual liability)).

34. Mr. Louis's unfair settlement practice, as described above, of misrepresenting to Plaintiffs material facts relating to the coverage at issue, constitutes an unfair method of competition

Copy from re:SearchTX

and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

35. Mr. Louis's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the Claim, even though liability under the Policy is reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

36. The unfair settlement practice of Mr. Louis, as described above, of failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiffs' Claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

37. Mr. Louis's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the Claim to Plaintiffs, or to submit a reservation of rights to Plaintiffs, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

38. Mr. Louis's unfair settlement practice, as described above, of refusing to pay Plaintiffs' Claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

### Fraud

39. Defendants are liable to Plaintiffs for common law fraud.

40. Each and every one of the representations, as described above, concerned material facts for the reason that absent such representations, Plaintiffs would not have acted as they did, and which Defendants knew were false or made recklessly without any knowledge of their truth as a positive assertion.

Copy from re:SearchTX

41. The statements were made with the intention that they should be acted upon by Plaintiffs, who in turn acted in reliance upon the statements, thereby causing Plaintiffs to suffer injury and constituting common law fraud.

### Conspiracy to Commit Fraud

42. Defendants are liable to Plaintiffs for conspiracy to commit fraud. Defendants were members of a combination of two or more persons whose object was to accomplish an unlawful purpose or a lawful purpose by unlawful means. In reaching a meeting of the minds regarding the course of action to be taken against Plaintiffs, Defendants committed an unlawful, overt act to further the object or course of action. Plaintiffs suffered injury as a proximate result.

## VI.  KNOWLEDGE

43. All of the acts described above, together and singularly, were done "knowingly" as that term is used in the TEXAS INSURANCE CODE and were a producing cause of Plaintiffs' damages described herein.

## VII.  CONDITIONS PRECEDENT

44. All conditions precedent to Plaintiffs' claims for relief have been performed or have occurred and/or Defendants waived the same. This includes, but is not limited to, providing notice pursuant to TEXAS INSURANCE CODE 542A and pre-litigation alternative dispute resolution, if any.

## VIII.  DAMAGES

45. Plaintiffs would show that all the acts as alleged herein, taken together or singularly, constitute the producing cause of the damages sustained by Plaintiffs.

46. As previously mentioned, Plaintiffs' covered losses have not been properly addressed or paid, which has prevented Plaintiffs from making necessary repairs, thus causing further, consequential damage, to the Property while also causing undue hardship and a burden on Plaintiffs. These damages and losses are a direct result of Defendants' mishandling of Plaintiffs' Claim in violation of the terms of the Policy at issue and of the laws set forth above.

Copy from re:SearchTX

47. For breach of contract, Plaintiffs are entitled to regain the benefit of their bargain with respect to their purchase of the Policy, which is the amount of their Claim, together with attorneys' fees under TEXAS CIVIL PRACTICE & REMEDIES CODE Section 38.001.

48. For noncompliance with the TEXAS INSURANCE CODE, UNFAIR SETTLEMENT PRACTICES, Plaintiffs are entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the Policy, mental anguish, court costs, interest, and attorneys' fees. For knowing conduct of the acts and conduct described and complained of above, Plaintiffs are entitled to, and do hereby, seek recovery of three times their actual damages. TEX. INS. CODE §541.152.

49. For noncompliance with the TEXAS INSURANCE CODE, PROMPT PAYMENT OF CLAIMS ACT, Plaintiffs are entitled to interest on the amount of the Claim as damages at the rate determined under TEX. INS. CODE §542.060, together with reasonable and necessary attorneys' fees.

50. For breach of common law duty of good faith and fair dealing, Plaintiffs are entitled to compensatory damages, including all forms of loss resulting from Defendants' breach of their Duty, such as additional costs, economic hardship, additional losses resulting from nonpayment of the amount owed, exemplary damages, and damages for emotional distress.

51. For the prosecution and collection of this Claim, Plaintiffs have been compelled to engage the services of the attorneys and law firms whose names are subscribed to this pleading. Therefore, Plaintiffs are entitled to recover a sum for the reasonable and necessary services of Plaintiffs' attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Texas Supreme Court.

## IX.  REQUEST FOR DISCLOSURE

52. Plaintiffs request the defendants to disclose within 50 days the information or material required by Texas Rule of Civil Procedure 194.  Plaintiff also requests the defendants to disclose all documents, electronic information, and tangible items that the defendant has in its

possession, custody, or control and may use to support its claims or defenses as required by Texas Rule of Civil Procedure 190.2(b)(6).

## X.  JURY DEMAND

53. Plaintiffs request that all causes of action alleged herein be tried before a jury consisting of citizens residing in Victoria County, Texas. Plaintiffs hereby tender the appropriate jury fee.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that upon trial hereof, said Plaintiffs have and recover such sums as would reasonably and justly compensate them in accordance with the rules of law and procedure, as to actual damages, treble damages under the TEXAS INSURANCE CODE, and all punitive and exemplary damages as may be found. In addition, Plaintiffs request the award of attorneys' fees for the trial and any appeal of this cause, for all costs of Court on their behalf expended, for pre-judgment and post-judgment interest as allowed by law, and for all such other and further relief, whether by law or at equity, to which they may show themselves to be justly entitled.

Respectfully submitted,

**WILLIAMS HART BOUNDAS EASTERBY LLP**

By: */s/ Sean H. McCarthy*
Sean H. McCarthy
State Bar No. 24065706
P. Griffin Bunnell
State Bar No. 24080815
8441 Gulf Freeway, Ste 600
Houston, TX 77017
Telephone: 713-230-2200
Fax: 713-643-6226
Email: smccarthy@whlaw.com
Email: gbunnell@whlaw.com

**ATTORNEYS FOR PLAINTIFFS**

Copy from re:SearchTX

Filed 8/16/2019 10:49 AM
Cathy Stuart
District Clerk
Victoria County, Texas
Court Stamp Here
By: Bobbi Ellinger

# RETURN OF SERVICE

Notice: This document contains sensitive data

| Court | District Court<br>267th Judicial District<br>of Victoria County, Texas | |
|---|---|---|
| Plaintiff | JESUS LEAL; ET AL. | Cause #<br>19-08-84791-C |
| Defendant(s) | ALLSTATE VEHICLE & PROPERTY INSURANCE COMPANY; KEITH RANDALL LOUIS | Came to Hand Date/Time<br>8/14/2019   7:27 AM |
| Manner of Service | Personal | Service Date/Time<br>8/14/2019   11:57 AM |
| Documents | CITATION; PLAINTIFF'S ORIGINAL PETITION | Service Fee:<br>$77.50 |

I am certified under order of the Judicial Branch Certification Commission to serve process, including citations in Texas. I am not a party to or interested in the outcome of this lawsuit. My information: identification number, birth date, address, and certification expiration date appear below. I received and delivered the Specified Documents to Defendant as stated herein.

On **8/14/2019** at **11:57 AM**: I served **CITATION and PLAINTIFF'S ORIGINAL PETITION** upon **ALLSTATE VEHICLE & PROPERTY INSURANCE COMPANY c/o C T CORPORATION SYSTEM, REGISTERED AGENT** by delivering **1** true and correct copy(ies) thereof, with **ALLSTATE VEHICLE & PROPERTY INSURANCE COMPANY c/o C T CORPORATION SYSTEM, REGISTERED AGENT, INTAKE SPECIALIST, PERSON AUTHORIZED TO ACCEPT,** who accepted service, with identity confirmed by subject stating their name, a black-haired black female approx. 25-35 years of age, 5'6"-5'8" tall and weighing 200-240 lbs at **1999 BRYAN ST STE 900, DALLAS, TX 75201**.

My name is: **Jirika T. Johnson**. My date of birth is: **6/12/1976**
My address is: **PO BOX 166213, IRVING, TX 75016**, USA.
My process server identification # is: **PSC-12723**. My Certification expires: **6/30/2020**.
I declare under penalty of perjury that the foregoing, **RETURN OF SERVICE**, is true and correct.

Executed in  Dallas  county, TX.

_____
Jirika T. Johnson

08/15/2019
Date Executed

Ref  **248220 Leal**
0040860597

 The Cook Law Firm PLLC

Tracking # **0041242290**


Copy from re:SearchTX

Filed 8/20/2019 11:21 AM
Cathy Stuart
District Clerk
Victoria County, Texas
Court Stamp Here
By: Rhonda Stone

# RETURN OF SERVICE

Notice: This document contains sensitive data

| Court | | |
|---|---|---|
| | **District Court**<br>**267th Judicial District**<br>**of Victoria County, Texas** | |
| Plaintiff | | Cause # |
| | **JESUS LEAL; ET AL.** | **19-08-84791-C** |
| Defendant(s) | **ALLSTATE VEHICLE & PROPERTY INSURANCE COMPANY; KEITH RANDALL LOUIS** | Came to Hand Date/Time<br>**8/09/2019    10:29 AM** |
| Manner of Service | **Personal** | Service Date/Time<br>**8/19/2019    5:39 PM** |
| Documents | **CITATION; PLAINTIFF'S ORIGINAL PETITION** | Service Fee:<br>**$87.50** |

I am certified under order of the Judicial Branch Certification Commission to serve process, including citations in Texas. I am not a party to or interested in the outcome of this lawsuit. My information: identification number, birth date, address, and certification expiration date appear below. I received and delivered the Specified Documents to Defendant as stated herein.

On **8/19/2019** at **5:39 PM**: I served **CITATION and PLAINTIFF'S ORIGINAL PETITION** upon **KEITH RANDALL LOUIS** by delivering **1** true and correct copy(ies) thereof, with **KEITH RANDALL LOUIS, Who accepted service, with identity confirmed by subject saying yes when named, a white male approx. 45-55 years of age, 5'10"-6'0" tall, weighing 200-240 lbs with gray hair** at **1292 TWEEDY ROAD, VALLEY MILLS, TX 76689-2535**.

My name is: **John Seymore**. My date of birth is: **6/02/1966**

My address is: **P O BOX 701, China Spring, TX 76633**, USA.

My process server identification # is: **PSC-13549**. My Certification expires: **12/31/2019**.

I declare under penalty of perjury that the foregoing, **RETURN OF SERVICE**, is true and correct.

Executed in  McLennan  county, TX.

*John Seymore* (signature)

John Seymore

08/19/2019

Date Executed

Ref  **248220 Leal**
0040860598

 The Cook Law Firm PLLC

Tracking # **0041473276**


Copy from re:SearchTX

Filed 8/23/2019 3:26 PM
Cathy Stuart
District Clerk
Victoria County, Texas
By: Bobbi Ellinger

CAUSE NO. 19-08-84791-C

| | |
|---|---|
| JESUS LEAL and JESSICA LEAL<br><br>   Plaintiffs,<br>v.<br><br>ALLSTATE VEHICLE & PROPERTY INSURANCE COMPANY and KEITH RANDALL LOUIS<br><br>   Defendants. | IN THE DISTRICT COURT<br><br><br>267TH DISTRICT COURT<br><br><br>VICTORIA COUNTY, TEXAS |

### DEFENDANTS' ORIGINAL ANSWER AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW ALLSTATE VEHICLE & PROPERTY INSURANCE COMPANY, Defendants in the above styled and numbered cause of action, and in response to the complaints filed against them, would respectfully show unto this Honorable Court and Jury as follows:

### I. GENERAL DENIAL

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies each and every, all and singular, the allegations contained within Plaintiff's Original Petition, and demand strict proof thereon by a preponderance of the credible evidence in accordance with the Constitution and laws of the State of Texas.

### II. SPECIFIC DENIALS

In addition to any Notice required by the applicable insurance policy, Defendant denies that Plaintiff provided the pre-suit Notice required by Chapter 542A.003 of the Texas Insurance Code and Texas Business & Commerce Code § 17.505 (Texas Deceptive Trade Practices Act). Plaintiff's failure to provide the required notice under §542A.003 prior to the filing of this action constitutes a breach of that statute. Because Plaintiff's failed to give the notice required by §542A.003(b)(2) before filing this action, Plaintiffs are not entitled to recover attorneys' fees

Leal, et al. vs. Allstate
Defendants' Original Answer and Request for Disclosure
0472088285.1

Page **1** of 4

Copy from re:SearchTX

incurred after the date this defense was pled.

Plaintiffs' claims are barred, in whole or in part, by policy exclusions and/or limitations which are listed in the policy made the basis of this suit. All or part of Plaintiff's claims are excluded by the applicable insurance policy.

Plaintiffs failed to allege conduct warranting imposition of exemplary or punitive damages under applicable state law. Defendant asserts the limitations and restrictions contained in Chapter 41 of the Texas Civil Practice and Remedies Code.

Defendant hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this answer.

### III. REQUEST FOR DISCLOSURE

Pursuant to Texas Rules of Civil Procedure, Defendant requests that Plaintiff disclose within thirty days of service of this request, the information and material described in Rule 194.2(a) through (l). If this case was filed as an Expedited Action under TRCP 47(c)(1) and/or TRCP 190.2, Defendant further requests disclosure of any and all documents, electronic information, and tangible items that you have in your possession, custody or control and which may be used to support your claims or defenses.

### IV. JURY DEMAND

Defendant formally requests a jury trial pursuant to Rule 216 of the Texas Rules of Civil Procedure and tenders the jury fee.

### V. DESIGNATED E-SERVICE EMAIL ADDRESS

The following is the undersigned attorney's designation of electronic service email address for all electronically served documents and notices, filed and unfiled, pursuant to Tex.R.Civ.P. 21(f)(2) & 21(a). (HoustonLegal@allstate.com). This is the undersigned's ONLY electronic

Leal, et al. vs. Allstate                                                                                                           Page **2** of **4**
Defendants' Original Answer and Request for Disclosure
0472088285.1

Copy from re:SearchTX

service email address, and service through any other email address will be considered invalid.

WHEREFORE, PREMISES CONSIDERED, Defendants, ALLSTATE VEHICLE & PROPERTY INSURANCE COMPANY, prays that the Plaintiff recover nothing of and from the Defendants by reason of this suit, that Defendants be discharged without delay, with costs of court, and for such other and further relief, both general and special, at law and in equity, to which Defendants may show itself justly entitled, and for which Defendants will in duty bound, forever pray.

Respectfully submitted,

SUSAN L. FLORENCE & ASSOCIATES

*/s/ Michael C. Maus*

**MICHAEL MAUS**
TBN:  24008803
811 Louisiana St Ste 2400
Houston, TX  77002-1401
HoustonLegal@allstate.com
(713) 336-2842
(877) 684-4165 (fax)

ATTORNEY FOR DEFENDANT
ALLSTATE VEHICLE & PROPERTY
INSURANCE COMPANY

Leal, et al. vs. Allstate
Defendants' Original Answer and Request for Disclosure
0472088285.1

Page **3** of **4**

Copy from re:SearchTX

## **CERTIFICATE OF SERVICE**

Pursuant to Rules 21. and 21a. of the Texas Rules of Civil Procedure, I hereby certify that the original of Defendants' Original Answer has been filed with the clerk of the court in writing, and a true and correct copy of Defendants' Original Answer has been delivered to all interested parties on the 23rd day of August, 2019, to:

WILLIAMS HART BOUNDAS EASTERBY LLP
Sean H. McCarthy
P. Griffin Bunnell
8441 Gulf Freeway, Ste 600
Houston, TX 77017
Telephone: 713-230-2200

ATTORNEYS FOR PLAINTIFFS          *VIA E-SERVE*

_____
**MICHAEL MAUS**

Leal, et al. vs. Allstate                                                                                                  Page **4** of **4**
Defendants' Original Answer and Request for Disclosure
0472088285.1

Copy from re:SearchTX